# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE; PAMELA GELLER; and ROBERT SPENCER,<br><br>Plaintiffs,<br><br>-v.-<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY ("SEPTA"); and JOSEPH M. CASEY, individually and in his official capacity as General Manager of SEPTA,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br>[42 U.S.C. § 1983] |

Plaintiffs American Freedom Defense Initiative (hereinafter referred to as "AFDI"), Pamela Geller, and Robert Spencer (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants Southeastern Pennsylvania Transportation Authority ("SEPTA") and Joseph M. Casey, General Manager of SEPTA (hereinafter collectively referred to as "Defendants" or "SEPTA"), their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs' right to engage in protected speech in a public forum created by Defendants based on the content and viewpoint of Plaintiffs' message. Defendants prohibited Plaintiffs from displaying an advertisement (hereinafter referred to as the "AFDI Advertisement") on SEPTA property based on Defendants' assertion that Plaintiffs' advertisement "tends to disparage or ridicule any person or group of persons on the basis of race, religious belief, age, sex, alienage, national origin,

sickness or disability" in violation of SEPTA's advertising standards (hereinafter "Advertising Standards"), which operate as a prior restraint on Plaintiffs' speech (hereinafter "Speech Restriction").

2. Plaintiffs seek a declaration that Defendants violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' Speech Restriction violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' Speech Restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court. Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

6. Plaintiff AFDI is a nonprofit organization that is incorporated under the laws of the State of New Hampshire. AFDI is dedicated to freedom of speech, freedom of conscience, freedom of religion, and individual rights.

7. AFDI achieves its objectives through a variety of lawful means, including through the exercise of its right to freedom of speech under the United States Constitution.

8. AFDI exercises its right to freedom of speech and promotes its objectives by, *inter alia*, purchasing advertising space on transit authority property in major cities throughout the United States, including Philadelphia, Pennsylvania. AFDI purchases these advertisements to express its message on current events and public issues, including issues involving religion, such as Islam's hatred of Jews (hereinafter referred to as "AFDI's advertising campaign").

9. Plaintiff Pamela Geller is the president of AFDI, and she engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

10. Plaintiff Robert Spencer is the vice president of AFDI, and he engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

**DEFENDANTS**

11. SEPTA is an agency and instrumentality of the Commonwealth of Pennsylvania. It operates buses, subways, trolleys, and regional rail lines in and around the City of Philadelphia.

12. As a governmental agency, SEPTA is mandated to comply with the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. For purposes of claims arising under 42 U.S.C. § 1983, SEPTA is treated as a municipal agency when determining its liability.

13. At all relevant times herein, Defendant Joseph M. Casey was the General Manager of SEPTA. In that capacity, Defendant Casey is responsible for adopting, creating, and enforcing the policies and practices of SEPTA, including SEPTA's Advertising Standards. Defendant Case was the final decision maker responsible for rejecting the AFDI Advertisement

and thus restricting Plaintiffs' speech as set forth in this Complaint.

**STATEMENT OF FACTS**

14. SEPTA, through its advertising agent, Titan Outdoor LLC (a/k/a Titan360 and Titan) (hereinafter "Titan"), leases space on its vehicles and transportation stations for use as advertising space.

15. SEPTA accepts commercial and noncommercial public-service, public-issue, political-issue, and religious-issue advertisements, including controversial advertisements addressing these issues, for display on its advertising space.

16. Accordingly, Defendants permit, as a matter of policy and practice, a wide variety of commercial, noncommercial, public-service, public-issue, political-issue, and religious-issue advertisements on its advertising space (hereinafter "Free Speech Policy").

17. For example, SEPTA has displayed on its buses the following advertisement conveying a message and viewpoint on a religious issue:



18. As another example, in 2013, SEPTA displayed a controversial political advertisement seeking to end teacher seniority in Philadelphia's troubled public school system. The advertisement, which appears below, was the product of the Commonwealth Foundation for Public Policy Alternatives, a self-proclaimed "free-market think tank" that "crafts free-market policies, convinces Pennsylvanians of their benefits, and counters attacks on liberty." *See*

http://www.commonwealthfoundation.org/about/.



19. By policy and practice, SEPTA's advertising space is a designated public forum for the display of public-service, public-issue, political-issue, and religious-issue advertisements, including AFDI's Advertisement.

20. Pursuant to Defendants' Free Speech Policy, on or about May 27, 2014, Plaintiffs submitted the AFDI Advertisement to Mr. Scott E. Goldsmith, EVP & Chief Commercial Officer for Titan, for display on SEPTA's advertising space. Shortly after receiving the request, Mr. Goldsmith confirmed with Plaintiff Geller that the advertisement was "being reviewed by SEPTA."

21. The AFDI Advertisement states, in relevant part, the following: "Islamic Jew-Hatred: It's in the Quran. Two Thirds of All US Aid Goes to Islamic Countries. Stop the Hate. End All Aid to Islamic Countries."

22. The AFDI Advertisement appears as follows:



23. A true and correct copy of the AFDI Advertisement is attached to this Complaint as Exhibit 1 and incorporated herein by reference.

24. The message of the AFDI Advertisement is timely in light of the fact that many Jews (and Christians) are being persecuted in Islamic countries in the Middle East, and many of these countries receive aid from the United States. Moreover, the Israel / Palestinian conflict has drawn intense international media attention as Hamas is using human shields (mostly innocent women and children) to protect its rockets from Israel's defense forces as the Islamic terrorist organization continues its deadly attack of Jews in Israel.

25. Acceptance of political-issue, public-issue, and religious-issue advertisements demonstrates that the forum is suitable for the AFDI Advertisement.

26. On June 3, 2014, Defendants officially rejected the AFDI Advertisement. In an email from Mr. Goldsmith to Plaintiff Geller, he states: "Pamela: The following is the official response from SEPTA in regard to your proposed advertisement:

    1. SEPTA has reviewed your proposed ad and has determined that it does not comply with the advertising standards in Titan's agreement with SEPTA;

    2. The ad does not comply with Section 9(b)(xi) which prohibits 'Advertising that tends to disparage or ridicule any person or group of persons on the basis of race, religious belief, age, sex, alienage, national origin, sickness or disability.'

    3. SEPTA and Titan would be happy to review another proposed advertisement or discuss the reasons for the denial."

(hereinafter "Defendants' Speech Restriction").

27. On or about June 30, 2014, Plaintiffs' counsel, Mr. David Yerushalmi, requested from Mr. Goldsmith via email "the full text of SEPTA's advertising standards as set forth in

Titan's agreement with SEPTA and any other advertising policies/procedures of SEPTA that may or may not be part of the SEPTA-Titan agreement but that which are applicable when reviewing a proposed ad such as [the AFDI Advertisement]."

28. On or about July 7, 2014, Mr. Goldsmith responded via email to Mr. Yerushalmi's request, stating, in relevant part, "Attached please find Section 9 of Titan's contract with SEPTA. It details the advertising standards/prohibitions for SEPTA." Attached to this email was a copy of SEPTA's Advertising Standards. A true and correct copy of the Advertising Standards as attached to Mr. Goldsmith's email is attached to this Complaint as Exhibit 2 and incorporated herein by reference.

29. Defendants' application of its Advertising Standards as a basis to reject the AFDI Advertisement is a pretext to censor Plaintiffs' message because SEPTA officials oppose Plaintiffs' view on Islam. Thus, Defendants' decision to reject the AFDI Advertisement was motivated by a discriminatory animus against Plaintiffs and their views on Islam.

30. Defendants' rejection of the AFDI Advertisement has caused and will continue to cause irreparable harm to Plaintiffs.

31. Pursuant to clearly established First Amendment jurisprudence, the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

### FIRST CLAIM FOR RELIEF

#### (Freedom of Speech—First Amendment)

32. Plaintiffs hereby incorporate by reference all stated paragraphs.

33. By reason of the aforementioned Speech Restriction, which includes Defendants' Advertising Standards, created, adopted, and enforced under color of state law, Defendants have

deprived Plaintiffs of their right to engage in protected speech in a public forum in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

34. Defendants' Speech Restriction, facially and as applied to Plaintiffs' speech, is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

35. Defendants' Speech Restriction operates as a prior restraint on Plaintiffs' speech; therefore, it comes to this court bearing a heavy presumption against its constitutional validity.

36. Defendants' Speech Restriction, facially and as applied to Plaintiffs' speech, is unreasonable and an effort to suppress expression merely because public officials oppose the speaker's view, including the view expressed by Plaintiffs in the AFDI Advertisement.

37. Defendants' Speech Restriction was motivated by a discriminatory animus against Plaintiffs and the viewpoints they express about Islam.

38. Defendants' Speech Restriction, facially and as applied to Plaintiffs' speech, offends the First Amendment by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

39. Defendants' Speech Restriction, facially and as applied to Plaintiffs' speech, provides no objective guide for distinguishing between permissible and impermissible advertisements in a non-arbitrary, viewpoint-neutral fashion as required by the First Amendment.

40. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal

damages.

## SECOND CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

41. Plaintiffs hereby incorporate by reference all stated paragraphs.

42. By reason of the aforementioned Speech Restriction, which includes Defendants' Advertising Standards, created, adopted, and enforced under color of state law, Defendants have unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendants are preventing Plaintiffs from expressing a message in a public forum based on the content and viewpoint of the message, thereby denying the use of this forum to those whose views Defendants find unacceptable.

43. Defendants' Speech Restriction was motivated by a discriminatory animus against Plaintiffs and the viewpoints they express about Islam.

44. As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## THIRD CLAIM FOR RELIEF

### (Due Process—Fourteenth Amendment)

45. Plaintiffs hereby incorporate by reference all stated paragraphs.

46. By reason of the aforementioned Speech Restriction, which includes Defendants' Advertising Standards, created, adopted, and enforced under color of state law, Defendants have unconstitutionally deprived Plaintiffs of the due process of law guaranteed under the Fourteenth

Amendment to the United States Constitution and 42 U.S.C. § 1983.

47. It is a basic principle of due process that a regulation is void for vagueness if its prohibitions are not clearly defined.

48. Defendants' Speech Restriction, facially and as applied to Plaintiffs' speech, offends the Fourteenth Amendment's guarantee of due process by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

49. Defendants' Speech Restriction, facially and as applied to Plaintiffs' speech, is unconstitutionally vague in violation of the Fourteenth Amendment.

50. As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this court:

A) to declare that Defendants violated the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B) to preliminarily and permanently enjoin Defendants' Speech Restriction, which includes Defendants' Advertising Standards, as set forth in this Complaint;

C) to award Plaintiffs nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

D) to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E) to grant such other and further relief as this court should find just and proper.

Respectfully submitted,

**DRINKER BIDDLE & REATH, LLP**

September 18, 2014

_____
Jason P. Gosselin
PA Bar ID 73682
Jason.gosselin@dbr.com
Brynne S. Madway
PA Bar ID 316422
Brynne.madway@dbr.com
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700; Fax (215) 988-2757

**AMERICAN FREEDOM LAW CENTER**

Robert J. Muise, Esq.* (MI P62849)
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901

David Yerushalmi, Esq.* (DC # 978179)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
Tel: (646) 262-0500; Fax: (801) 760-3901

*Subject to admission *pro hac vice*