## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE; PAMELA GELLER; and ROBERT SPENCER,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY; and JOSEPH M. CASEY,<br><br>Defendants. | Case No. 2:14-cv-05335-MSG |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Southeastern Pennsylvania Transportation Authority ("SEPTA") and Joseph M. Casey ("Casey," and together with SEPTA, "Defendants") hereby answer the Complaint filed by Plaintiffs American Freedom Defense Initiative ("AFDI"), Pamela Geller ("Geller"), and Robert Spencer ("Spencer," and together with AFDI and Geller, "Plaintiffs") as follows:

1. Admitted that this action purports to be brought for the purposes alleged pursuant to certain Amendments to the United States Constitution and statutory authority. The remaining allegations of this paragraph are denied.

2. Admitted that Plaintiffs seek the relief requested in this paragraph, but the allegations of this paragraph are otherwise denied.

3. Denied. The allegations of this paragraph consist of legal conclusions that neither require nor allow a response, and are therefore denied.

4. Denied. The allegations of this paragraph consist of legal conclusions that neither require nor allow a response, and are therefore denied.

5. Admitted that venue is proper, but the allegations of this paragraph are otherwise denied.

6. Admitted in part; denied in part. Defendants admit only that, upon information and belief, AFDI is a nonprofit organization that is incorporated under the laws of the State of New Hampshire. By way of further response, Defendants state that, after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph, and the same are therefore denied.

7. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and the same are therefore denied.

8. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and the same are therefore denied.

9. Admitted in part; denied in part. Defendants admit only that, upon information and belief, Geller is the president of AFDI. By way of further response, Defendants state that, after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph, and the same are therefore denied.

10. Admitted in part; denied in part. Defendants admit only that, upon information and belief, Spencer is the vice president of AFDI. By way of further response, Defendants state that, after reasonable investigation, they are without sufficient knowledge or information to form

a belief as to the truth of the remainder of the allegations contained in this paragraph, and the same are therefore denied.

11. Admitted.

12. Denied. The allegations of this paragraph consist of legal conclusions that neither require nor allow a response, and are therefore denied.

13. Admitted that Casey is the General Manager of SEPTA. The allegations of this paragraph are otherwise denied.

14. Denied.

15. Admitted that, pursuant to advertising standards, SEPTA has accepted commercial and noncommercial advertisements. The allegations of this paragraph are otherwise denied.

16. Admitted that, pursuant to advertising standards, SEPTA has accepted commercial and noncommercial advertisements. The allegations of this paragraph are otherwise denied.

17. Admitted in part; denied in part. Defendants admit only that the advertisement depicted ran on SEPTA property. By way of further response, the remainder of the allegations of this paragraph consists of legal conclusions that neither require nor allow a response, and are therefore denied.

18. Admitted in part; denied in part. Defendants admit only that the advertisement depicted ran on SEPTA property. By way of further response, the remainder of the allegations of this paragraph consists of legal conclusions that neither require nor allow a response, and are therefore denied.

19. Denied. The allegations of this paragraph also contain legal conclusions that neither require nor allow a response, and are therefore denied.

20. Defendants state that, after reasonable investigation, they are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph as to Plaintiffs' conduct, and the same are therefore denied. By way of further answer, the communications referred to in this paragraph are written documents which speak for themselves.

21. Denied. The communication referred to in this paragraph is a written document which speaks for itself.

22. Admitted that the proposed AFDI advertisement appears substantially as shown in the picture accompanying this paragraph.

23. Admitted that the proposed AFDI advertisement is attached to the Complaint as alleged.

24. Denied.

25. Denied. By way of further answer, the allegations of this paragraph consist of legal conclusions that neither require nor allow a response, and are therefore denied.

26. Denied. By way of further answer, the communication referred to in this paragraph is a written document which speaks for itself.

27. The communication referred to in this paragraph is a written document which speaks for itself.

28. The communication referred to in this paragraph is a written document which speaks for itself.

29. Denied. By way of further answer, the allegations of this paragraph consist of legal conclusions that neither require nor allow a response, and are therefore denied.

30. Denied.

31. Denied. By way of further answer, the allegations of this paragraph consist of legal conclusions that neither require nor allow a response, and are therefore denied.

**FIRST CLAIM FOR RELIEF**

**(Freedom of Speech—First Amendment)**

32. Defendants incorporate their responses in the foregoing paragraphs as if fully stated herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on the First Claim for Relief of the Complaint, and award Defendants such other relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

**(Equal Protection—Fourteenth Amendment)**

41. Defendants incorporate their responses in the foregoing paragraphs as if fully stated herein.

42. Denied.

43. Denied.

44. Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on the Second Claim for Relief of the Complaint, and award Defendants such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF

### (Due Process—Fourteenth Amendment)

45. Defendants incorporate their responses in the foregoing paragraphs as if fully stated herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on the Third Claim for Relief of the Complaint, and award Defendants such other relief as the Court deems appropriate.

### **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Geller and Spencer lack standing to bring the claims in the Complaint or to seek the relief sought in the Complaint.

3. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the doctrine of sovereign immunity.

6. Plaintiffs' claims against Casey are barred by the doctrines of qualified immunity and corporate shield.

7. Defendants reserve the right to assert any additional affirmative defenses at a later date as information supporting such an affirmative defense may become known to Defendants.

8. The advertisement submitted to Titan by AFDI does not constitute Constitutionally-protected speech because it utilizes deliberate or reckless falsehoods in order to demean a group based on its religion, uses intentionally provocative language and images in the hope of eliciting a violent response, and embraces the very hatred of religious groups it purports to condemn.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on the First, Second, and Third Claims for Relief of the Complaint, and award Defendants such other relief as the Court deems appropriate.

Dated: October 8, 2014　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　BUCHANAN INGERSOLL & ROONEY PC


　　　　　　　　　　　　　　　　　　　　By: */s/ Paul C. Madden*
　　　　　　　　　　　　　　　　　　　　　　Paul C. Madden (Pa. I.D. No. 15855)
　　　　　　　　　　　　　　　　　　　　　　David A. Schumacher (Pa. I.D. No. 307085)
　　　　　　　　　　　　　　　　　　　　　　Two Liberty Place
　　　　　　　　　　　　　　　　　　　　　　50 S. 16th St., Suite 3200
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19102
　　　　　　　　　　　　　　　　　　　　　　Telephone: (215) 665-8700
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (215) 665-8760
　　　　　　　　　　　　　　　　　　　　　　Email: paul.madden@bipc.com
　　　　　　　　　　　　　　　　　　　　　　Email: david.schumacher@bipc.com
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 8, 2014, true and correct copies of the foregoing were served, upon the individuals listed below via ECF:

JASON P. GOSSELIN
DRINKER BIDDLE & REATH LLP
ONE LOGAN SQUARE
18th & CHERRY STS.
PHILADELPHIA, PA 19103-6996

BRYNNE MADWAY
DRINKER BIDDLE & REATH LLP
ONE LOGAN SQUARE
18th & CHERRY STS.
PHILADELPHIA, PA 19103-6996

ROBERT JOSEPH MUISE
AMERICAN FREEDOM LAW CENTER
P.O. BOX 131098
ANN ARBOR, MI 48113

DAVID YERUSHALMI
AMERICAN FREEDOM LAW CENTER
1901 PENNSYLVANIA AVE. N.W., SUITE 201
WASHINGTON, DC 20006
*Attorneys for Plaintiff*

/s/ Paul C. Madden
Paul C. Madden