IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE; *et al.*, <br><br>             Plaintiffs, <br><br>             -v.- <br><br> SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY ("SEPTA"); *et al.*, <br><br>             Defendants. | Case No. 2:14-cv-05335 |

**STIPULATED FACTS FOR PURPOSES OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

The Parties, Plaintiffs American Freedom Defense Initiative ("AFDI"), Pamela Geller ("Geller"), and Robert Spencer ("Spencer") (collectively referred to as "Plaintiffs") and Defendants Southeastern Pennsylvania Transportation Authority ("SEPTA") and Joseph M. Casey ("Casey") (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file the following Stipulated Facts for Purposes of Plaintiffs' Motion for Preliminary Injunction[1] as follows:

1.      AFDI is a nonprofit organization that is incorporated under the laws of the State of New Hampshire.

2.      SEPTA is the public transportation provider serving the five-county region of Southeastern Pennsylvania and is a government agency.

3.      Casey is the General Manager of SEPTA.

---

[1] The parties stipulate to the facts contained herein solely for the purposes of Plaintiffs' Motion for Preliminary Injunction in the above-captioned case. The parties reserve all rights to dispute the facts contained herein for any and all other purposes in this litigation and in any other case or context.

4. Non-party Titan Outdoor LLC ("Titan") is an out-of-home advertising company that solicits, creates, and displays advertising on behalf of municipal and transit authorities, including but not limited to, advertising in and on bus shelters, transit stations, buses, commuter and light rail, trains, subways, telephone kiosks, banners and airports.

5. In or about July 2005, Titan entered into an exclusive contract with SEPTA (the "2005 contract") to solicit and prepare advertising material for display in, about, and upon SEPTA's vehicles and stations and SEPTA's products, including, but not limited to, advertising on buses, trains, subways, platforms, stations, timetables, fare instruments, maps, and token packages ("advertising spaces").

6. The 2005 contract also included 13 advertising standards ("Advertising Standards") under the heading "Advertising standards/prohibitions" in Section 9. The Advertising Standards are set forth in Plaintiffs' Exhibit G (Doc. No. 11-8).

7. Near the end of the 2005 contract, in the Spring of 2014, pursuant to and following a Request for Proposals issued by SEPTA, Titan and SEPTA entered into a new Contract for Transit & Railroad Advertising ("Advertising Contract") that commenced on May 1, 2014.

8. As with the 2005 contract, the purpose of the Advertising Contract is to solicit and prepare advertising material for display in, about, and upon SEPTA's advertising space.

9. The Advertising Standards established under the 2005 contract did not change upon commencement of the Advertising Contract. The Advertising Standards that have been in place since 2005 are memorialized in Section 9 of the Advertising Contract and are set forth in Plaintiffs' Exhibit G (Doc. No. 11-8).

10. The Parties stipulate that Scott Goldsmith ("Goldsmith"), Titan's Executive Vice President, would testify as follows: Titan's Contract Proposal represented that it would ensure that

ads it submitted to SEPTA were in conformity with the Advertising Standards. [Plaintiffs interpose a relevancy objection.]

11. The Parties stipulate that Goldsmith would testify as follows: As a consequence, Titan solicits advertisements for SEPTA that it expects will conform to the Advertising Standards. Titan does not solicit advertisements from businesses and organizations that would likely run afoul of the Advertising Standards and endeavors to educate its customers as to the advertising content that would be acceptable to SEPTA, providing the Advertising Standards to potential advertisers when necessary. [Plaintiffs interpose a relevancy objection.]

12. The Parties stipulate that Goldsmith would testify as follows: Titan's solicitation program focuses on commercial enterprises and non-profit institutional bodies, such as colleges, museums, and the like. Titan does not solicit "public issue" ads. [Plaintiffs interpose relevancy objection.]

13. From January 1, 2011 to December 1, 2014, SEPTA ran unique public issue advertisements on its advertising space, copies of which are attached to this Stipulation as Exhibit A.

14. During the same four year period (2011 to 2014), SEPTA ran 5,318 unique advertising designs.

15. The Parties stipulate that Goldsmith would testify as follows: During the same four year period (2011 to 2014), SEPTA rejected, modified, or took down some advertisements for display on its advertising space pursuant to the Advertising Standards, as set forth in the email communications attached to this Stipulation as Exhibits B and C [see paragraphs 21 and 22 below].

16. Inasmuch as Titan handles advertising for a number of transit authorities, including some which AFDI had approached to run advertisements, Geller was familiar with Goldsmith.

17. On or about May 27, 2014, Geller submitted the advertisement attached as Plaintiffs' Exhibit C (Doc. No. 11-4) ("AFDI Advertisement") to Goldsmith, along with a request that the advertisement be displayed on SEPTA buses.

18. Upon review of the AFDI Advertisement, SEPTA rejected it based on Section 9(b)(xi) of the Advertising Standards.

19. Gino J. Benedetti, General Counsel for SEPTA, was the final decision maker who rejected the AFDI Advertisement.

20. SEPTA reached a final decision rejecting the AFDI Advertisement, which was communicated to Plaintiffs via an email from Goldsmith to Geller on June 3, 2014, as follows:

> Pamela: The following is the official response from SEPTA in regard to your proposed advertisement:
>
> 1. SEPTA has reviewed your proposed ad and has determined that it does not comply with the advertising standards in Titan's agreement with SEPTA.
>
> 2. The ad does not comply with Section 9(b)(xi) which prohibits "Advertising that tends to disparage or ridicule any person or group of persons on the basis of race, religious belief, age, sex, alienage, national origin, sickness or disability."
>
> 3. SEPTA and Titan would be happy to review another proposed advertisement or discuss the reasons for the denial.

21. SEPTA produced emails and associated attachments that were within its custody and control. True and correct copies of these documents are attached to this Stipulation as Exhibit B.

22. Titan produced emails and associated attachments within its custody and control. True and correct copies of these documents are attached to this Stipulation as Exhibit C.

23. The Contract for Transit & Railroad Advertising and the Titan Proposal attached to Defendants' Opposition to Plaintiffs' Motion For Preliminary Injunction (Doc. No. 18) as Exhibits A and B, respectively, are true and correct copies of documents in Defendants' custody and control.

24. Gino J. Benedetti, SEPTA's general counsel, shall appear at the hearing on Plaintiffs' Motion for Preliminary Injunction on December 17, 2014, and as continued by the Court, to testify without subpoena as the final decision maker at SEPTA responsible for rejecting the AFDI Advertisement under SEPTA's Advertising Standards.

Respectfully submitted this 10th day of December, 2014,

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert Joseph Muise, Esq.* (MI P62849)
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
/s/ *David Yerushalmi*
David Yerushalmi, Esq.* (DC # 978179)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
Tel: (646) 262-0500; Fax: (801) 760-3901
*Admitted *pro hac vice*

DRINKER BIDDLE & REATH, LLP

/s/ *Jason P. Gosselin*
Jason P. Gosselin
PA Bar ID 73682
Jason.gosselin@dbr.com
Brynne S. Madway
PA Bar ID 316422
Brynne.madway@dbr.com
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Tel: (215) 988-2700; Fax (215) 988-2757

*Attorneys for Plaintiffs AFDI, Geller, and Spencer*

BUCHANAN INGERSOLL & ROONEY, PC

By:   */s/ Paul C. Madden*
      Paul C. Madden, Esquire
      David A. Schumacher, Esquire
      50 S. 16th Street, Suite 3200
      Philadelphia, PA   19102
      (215) 665-8700
            and
      Robert S. Hawkins, Esquire
      1290 Avenue of the Americas
      30th Floor
      New York, NY   10104
      (212) 440-4486
*Attorneys for Defendants SEPTA and Casey*